TOWN COUNCIL OF JOHNSTON *vs.* PROVIDENCE & SPRINGFIELD RAILROAD.

Where the charter of a railroad corporation requires it, if their road shall cross any highway, so to construct the same as not to impede and obstruct the safe and convenient use of said highway, and empowers them to raise or lower said highway, so that the railroad if necessary may conveniently pass under or over it, the crossing by it of a highway at the same level is not in itself a nuisance to the highway, nor evidence of a nuisance. A court of equity will restrain said railroad corporation by injunction from such a crossing only when it unreasonably impedes or obstructs the safe and convenient use of the highway.

BRAYTON, C. J. The bill in this case states that the Providence and Springfield Railroad Company, a company incorporated by the general·assembly for the purpose of constructing a railroad from the city of Providence through the village of Olneyville, and up the valley of the Woonasquatucket, &c., have under

their charter located this road from said city through said village, which is partly in the town of Johnston, and is so located that it intersects and crosses a street and public highway called Plainfield Street in said village, and in the town of Johnston, at even grade with said street, which highway the town of Johnston is by law bound to repair ; that the said corporation are proceeding to build and construct said railroad, to cross said highway at grade as aforesaid ; that said highway at the proposed crossing is in the compact part of said village, and is the principal street for the public travel to and from said city of Providence, and to and from points westerly and southerly of said city ; and there is no other highway by which said travel can be accommodated ; that the travel there is very large with loaded teams, carriages, and foot passengers. All which travel will be very much incommoded, and the safety endangered, by the crossing of said highway at grade as now located.

That by the 13th section of their charter, said corporation is required, if said railroad shall cross any highway, to construct the same so as not to impede and obstruct the safe and convenient use of the same, and are empowered to raise or lower such highway, so that the railroad, if necessary, may conveniently pass under, or over, or across such highway. That said corporation might locate their road in another place 100 yards southerly on said highway, so that the railroad might pass under said highway, and that the additional expenses of such change of location would bear no proportion to the advantage to be gained by avoiding the crossing at grade. But the corporation refused to make such change, though earnestly requested so to do, and are proceeding with the construction of their road across the highway, on the same level therewith. And the complainants pray that the respondents may be enjoined from constructing their said railroad across said highway on the same grade therewith, at any place in said town of Johnston. The complainants have filed their petition for a preliminary injunction until a hearing upon the bill, upon which petition this hearing has been had. The party plaintiff is the town council of the town of Johnston, and it was agreed that the hearing should be as upon a bill filed by the attorney general.

The charter of this company confers upon them the power to

locate and construct their railroad from the city of Providence through the village of Olneyville, and up the valley of the Woonasquatucket to the line of Massachusetts, as said company may deem expedient, to lay out said road, not exceeding six rods wide, and to run locomotive engines and trains over the same for the transportation of passengers and freight. It contemplates that the company will (and it grants them power so to do) locate said road so as to cross in its course private ways and highways. It authorizes them to fix the grade of their railroad, and contemplates that such grade will not be on the same level with the highway which it crosses, and so it empowers the company in such case to raise the highway so as to pass over the railroad, or lower the highway so as to pass under it, if they shall think it most expedient, or they may raise or lower the highway so as to bring it to the same grade with the railroad.

Having brought the highway to the same grade as their road and crossing it at the same level, is not in itself a nuisance to the highway, nor is it, being thus authorized, evidence of a nuisance. But the charter of this company requires of them, that wherever their road crosses a highway their road shall be so constructed as not to impede or obstruct the safe and convenient use of the highway. It is the violation of this duty which alone can sustain this application and call for the exercise of this power of a court of equity. Though they are authorized to cross on the same level, and to raise or lower the highway for that purpose, nevertheless if they so execute what is, and what they may deem to be their duty, as to create a public nuisance, the court may interpose, and if they are proceeding to do this, may restrain them by injunction. The duty thus imposed upon the company does not require absolute safety or perfect convenience. Every crossing of streets in a city necessarily affects, in a greater or less degree, the safety of travellers and the convenience of travel. In a crowded and busy city where the travel is large, the inconvenience might be great and accompanied with some degree of danger; but considering the necessity of such travel, it is not held to be under the circumstances unreasonable.

And so of a railroad. Their duty is to make it reasonably safe and reasonably convenient under all the circumstances, considering the necessities of the public and the dangers to be guarded

against. We do not think that the complainants have shown in proof that this railroad, as it is proposed to be constructed and as the company are proceeding to construct it, where it crosses Plainfield Street, will, when the road shall be in operation, unreasonably impede or obstruct the safe and convenient use of the street, or that these respondents will have created a nuisance there. The evidence produced by them shows that at this street the travel is now large with carriages, teams, horses, and passengers on foot, which cannot be relieved by any other thoroughfare now existing, and must continue to be large, taking all the travel from a large district west and southwest from this place; that this crossing is near a curve in the street, by means of which and buildings upon the street travellers will be prevented from seeing the locomotive as they approach the crossing.

In the opinion of most of the witnesses, some twelve or more, there must be danger to travellers there, and great inconvenience. And in the opinion of several of them, the company will not be able to make it safe for travel, and any crossing at grade must be attended with danger. They give no grounds for their opinion except that the travel is large, the difficulty of seeing the passing trains as they approach the crossing, and that the crossing is on the same level, and they thus infer that there must be collisions with the train and fatal consequences. Against this we have the evidence of men of large and long experience in the construction and use of railroads, who have known and seen such crossings in almost every city through or into which railroads extend, where the travel is greater than it is at this place now, or probably will be, and where the public travel is made nevertheless reasonably safe and convenient, and, as they testify, perfectly safe. In every considerable city are streets and highways thus crossed — two in this city are instances, and so of Boston, Hartford, Norwich, New London, Springfield, Worcester, Fall River.

They are made safe, as this crossing is proposed to be made safe, by gates to be made there across the highway, with a watchman to attend or to give notice of passing trains, so that no traveller is allowed to pass upon the railroad track while a train is passing, and until all danger of collision is past. The traveller is detained no longer than he might be at a street crossing by

passing teams, which in a city is an occurrence of every day and every hour. That there are such crossings on every railroad ; that the dangers are obviated by these means, so that by common consent with such precaution they are deemed to be reasonably safe and convenient, is proved by the affidavits in this case. At the time this grant was made it was matter of common knowledge that all railroads crossing highways in places compactly built did cross on the same level without regard to the amount of travel upon the highway, — the difficulty of raising the grade of a street already built up so as to pass over, or of lowering it so as to pass under, forbidding any such alteration, and leaving the danger to be avoided by these precautions, which were considered to be reasonably sufficient.

It might have been in the contemplation of the legislature that such precautions would be used as were then in common use for that purpose and were found sufficient. We do not think the proposed construction of this road will impede or obstruct the safe and convenient use of this street.

> *The injunction must be denied, and the petition dismissed with costs.*

*Currey*, for complainants.

*Hayes*, for respondents.